8 F.3d 32
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jesus Juan PADRON, Defendant-Appellant.
 No. 92-10536.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 10, 1993.
Decided Sept. 30, 1993.
 
 1
 Before: REINHARDT and LEAVY, Circuit Judges, and MERHIGE*, District Judge.
 
 
 2
 MEMORANDUM**
 
 I. BACKGROUND
 
 3
 Jesus Juan Padron was indicted and tried on one count of conspiracy to possess cocaine with intent to distribute (21 U.S.C. § 846), and one count of possession of cocaine with intent to distribute. (21 U.S.C. § 841(a)(1)). His defense at trial was entrapment. He denied any intent to participate in a drug transaction, although he admitted to knowing about certain aspects of the drug deal and incidentally assisting the government's confidential informant in his efforts to secure a supplier for a third party. To show Padron's predisposition, the government introduced evidence that he had been involved in drug-trafficking a year and a half before the events that are the subject of the instant prosecution.
 
 
 4
 During its deliberations, the jury passed a note asking for clarification regarding several entrapment issues. In response, the judge gave supplemental instructions on "non-continuing entrapment" derived from United States v. North, 746 F.2d 627, 629-30 (9th Cir.1984). While Padron makes several arguments regarding the judge's action we need address only one: that the supplemental instructions did not answer the jury's question. Because we agree with Padron that the supplemental instructions were difficult to follow and not directed towards the jury's question, we reverse his convictions and remand for a new trial.
 
 II. STANDARD OF REVIEW
 
 5
 A district judge has a duty to give supplemental instructions that eliminate a jury's confusion when it asks for clarification of a particular issue. See United States v. Warren, 984 F.2d 325, 329 (9th Cir.1993); United States v. Hayes, 794 F.2d 1348, 1352 (9th Cir.1986). Supplemental instructions are reviewed for abuse of discretion if the question on appeal is whether a factual foundation exists for the instruction and reviewed de novo where the ultimate issue is whether the court's instruction adequately states the law regarding the subject about which the jury inquired. See United States v. Gomez-Osorio, 957 F.2d 636 (9th Cir.1992). Whichever standard we apply here, we are required to reverse.
 
 
 6
 However, the government claims that the plain error standard should be applied because it contends that Padron did not object to the giving of the supplemental instructions in the district court. We disagree. After the note from the jury arrived, the prosecution suggested giving the North instructions. One of Padron's attorneys (Moore) initially stated that the instructions were acceptable. Then, after further discussion, he objected to giving the jury a North instruction without also giving the five factor test for predisposition requested by defense counsel. See, e.g., United States v. Sotleo-Murillo, 887 F.2d 887 (9th Cir.1989). After further argument by the prosecutors in support of the North instruction, the judge brought the jury in and asked it to explain its note. After a juror did so, the court gave supplemental instructions and sent the jury back. Moore then stated that the jury's clarification of its inquiry demonstrated that the North based instructions did not answer its question. After the judge stated that he thought the instructions did so, Moore disagreed again. The judge concluded by saying Moore's comments were "certainly a matter of record."
 
 
 7
 In light of the foregoing series of events, we believe that Padron adequately objected to the giving of the supplemental instructions and that the plain error standard does not apply.
 
 III. DISCUSSION
 
 8
 When the jury had been deliberating for approximately three and one-half hours, it sent a note to the court stating:
 
 
 9
 Can we have the instructions of law for entrapment and the limits of an undercover officer in writing and if there is a time frame for predisposition to commit a crime?
 
 
 10
 After the judge summoned the jury to the courtroom, he asked "... in terms of your asking is there a time frame, can you explain what you are asking?" A juror responded as follows: "Yes. Like for--before, if he was involved in other crimes, is there a time frame like between that one and this crime?" The court then gave the following instructions:
 
 
 11
 At any point in time that you are focusing on relative to these offenses, you may find that either the defendant is or is not entrapped. Starting out with the earliest time. And then as subsequent events occur, you can find that there is an entrapment, as that it is to each time, you can find that there is no entrapment at any time, or you can find that there is an entrapment at an earlier time, but not at a later time or vice versa. That there is none at an earlier time, but that there is at a later time. And so you should focus on each sequence or series or act that you are looking at and make the determination as to the defendant's state of mind at the time of the conduct you are examining. And so in your specific question, if there were prior events or acts that were found to be criminal, those would be determined by themselves. They could be some evidence, but you still have to make, and it's for you to determine, the jury at each time of each event whether or not the predisposition and the entrapment elements exists. And so it's to be made by you on an event-by event basis.
 
 
 12
 As an initial matter, Padron and the government disagree as to what the jury was asking. Padron claims that the jury was inquiring about the effect of the prosecution's allegation that he had willingly sold drugs a year-and a half before being contacted by the government agent upon his no-predisposition claim.[1] The government contends that the jury was really asking about Padron's conduct between the time he was contacted by the government informant in June 1991 and the latest possible start date of the alleged conspiracy (on or about November 13, 1991). Thus, the acts the government claims the jury was inquiring about were a series of unsuccessful efforts to obtain drugs during the summer and fall of 1991.
 
 
 13
 We think that a fair reading of the jury's questions demonstrates that Padron's interpretation of its inquiries is correct. The jurors' reference to "before", "other crimes" and "this crime" shows clearly that they were asking about his activities prior to this case. Moreover, such a question would be perfectly natural for a jury to ask. The government's strained interpretation of the inquiry defies common sense. Moreover, its attempt to limit the conspiracy to obtain drugs to November 13-15 ignores the wording of the indictment, which charges that the conspiracy ran from time unknown but began no later than November 13. Padron's judgment of conviction states that the conspiracy ran from 7/15/91-11/15/91.
 
 
 14
 The government also incorrectly argues that Padron was charged with multiple conspiracies or multiple criminal violations. Padron was charged with a single conspiracy and the evidence at trial demonstrated a single course of criminal conduct. The evidence shows that this case involved only one four-month conspiracy to obtain drugs, which was finally successful on November 15. Therefore, we agree with Padron that the jury was concerned with whether or not his alleged, voluntary narcotics trafficking a year and half before being contacted by the government informant precluded a finding of non-predisposition.
 
 
 15
 Padron argues that the judge's supplemental instructions did not answer the question the jury actually was asking. The government nowhere contends that the supplemental instructions adequately addressed the effect of Padron's earlier narcotics activities on his entrapment defense. Arguably, the government has conceded the that the supplemental instructions were non-responsive. But even if it has not, we think that the judge's supplemental instructions did little if anything to eliminate juror confusion and may well have added to it.
 
 
 16
 The only aspect of the judge's supplemental instructions that even comes close to addressing the jury's question is the last part. But it does not provide a meaningful answer, given that Padron never claimed that he had been entrapped into his earlier alleged drug trafficking. An appropriate answer to the jury's question would inter alia have discussed the fact that although a defendant may have voluntarily committed a similar crime in the past, that does not automatically mean that he was predisposed to commit the crime with which he is charged. Given the jury's confusion as to the affect of Padron's supposed prior bad conduct, we believe the judge erred in giving the supplemental instructions that the government requested.
 
 
 17
 When a court errs in answering the jury's questions regarding instructions, reversal is required unless there is no reasonable possibility that the error materially affected the verdict. Warren, 984 at 331. In other words, the government must prove that the error was harmless beyond a reasonable doubt. The government has not argued that any errors in the supplemental instructions were harmless. In any event, we conclude the error was not harmless because the supplemental instructions were critical to the jury's understanding of Padron's entrapment defense and the evidence of non-inducement and predisposition in this case was not overwhelming.
 
 IV. CONCLUSION
 
 18
 The judgment is REVERSED and the case REMANDED for a new trial.
 
 
 
 *
 Honorable Robert R. Merhige, Senior United States District Judge, Eastern District of Virginia, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Padron denied engaging in the earlier conduct. However, he did not claim that he was entrapped as to that conduct by anyone